419 F.2d 1274
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TEAMSTERS LOCAL UNION NO. 676, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Respondent.
 No. 17951.
 United States Court of Appeals Third Circuit.
 Argued December 4, 1969.
 Decided December 22, 1969.
 
 Herman M. Levy, Atty., N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Charles R. Both, Atty., N.L.R.B., on the brief), for petitioner.
 Howard S. Simonoff, Plone, Tomar, Parks & Seliger, Camden, N. J., for respondent.
 Before GANEY, SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an application to enforce a National Labor Relations Board order which in substance directs the respondent Union not to cause or attempt to cause Tellepsen Petro-Chemical Company (Company) to discharge one Moore, a Union member and the charging party, or any other employee because he has not been cleared by the Union, except to the extent that a lawful contract or arrangement between the Union and the Company authorizes such clearance.[1] The Board's order was based on findings that the Union engaged in unfair labor practices violating section 8(b) (2) of the Act by causing the Company to discriminate against Moore by discharging him solely because he had not been referred to the Company by the Union and because he had not received Union clearance, and violating section 8(b) (1) by engaging in the same conduct and thereby restraining and coercing the employees in the exercise of their rights granted by section 7 of the Act.
 
 
 2
 The Union contends that there is no substantial evidence on the record as a whole to support the Board's findings. More specifically, it asserts that the record as a whole demonstrates that a hiring hall agreement existed between the Company and the Union at the time Moore was hired. The Board concedes that if the Company were obligated to use the hiring hall, which was operated in a nondiscriminatory manner, there was no violation of the Act when the Union asked the Company to discharge Moore. See Local 357 Intern. Broth. of Teamsters, etc. v. N.L.R.B., 365 U.S. 667, 81 S.Ct. 835, 6 L.Ed.2d 11 (1961). However, the Examiner found after hearing oral testimony, and the Board adopted his finding, that there was no hiring hall agreement in existence at the crucial time. In essence the Union is quarreling with the Board's evaluation of the evidence because it argues that the Company's conduct and oral expressions evidenced an intent to bind itself to accept only those personnel that were referred to it by the Union. We find that the Board's conclusions are reasonable and have substantial support on the record considered as a whole. The Union's conduct was beyond the pale. See Radio Officers' Union, etc. v. N.L. R.B., 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1954).
 
 
 3
 The order of the Board will be enforced.
 
 
 
 Notes:
 
 
 [1]
 172 N.L.R.B. No. 52